IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
MAY 29 2014
PER _____
DEPUTY CLERK

LARRY GENE HULL,
    Petitioner

              CASE NO. 3:10-CV-1562

v.

MURRAY, ET AL.,              (JUDGE NEALON)
    Respondents

## MEMORANDUM

On July 28, 2010, Petitioner, Larry Gene Hull, who is currently serving a life sentence without the possibility of parole at the State Correctional Institution ("SCI- Camp Hill") in Camp Hill, Pennsylvania, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his conviction of first-degree murder in the Court of Common Pleas of Franklin County, Pennsylvania. (Doc. 1). The petition alleges four (4) grounds for habeas corpus relief: (1) Petitioner was legally insane or suffering from diminished capacity at the time of the offense; (2) ineffective assistance of counsel regarding permitting the Commonwealth to present its case in 2001 through records of proceedings in 1975 and 1979 costing Petitioner the right to confront his accusers, and failing to object to the lack of an on-the-record colloquy to ensure consent was knowing and voluntary; (3) ineffective assistance of counsel for the failure to present a trial expert regarding Petitioner's diminished capacity at the time of the offense; and (4) ineffective

assistance of counsel for the failure to call witnesses who supported Petitioner's diminished capacity defense. (Doc. 1, pp. 5-6). On December 20, 2010, following an order granting a motion for an extension, Respondents filed a response to the petition and memorandum of law with supplements. (Docs. 12-15). The petition is now ripe for disposition and for the reasons that follow will be denied.

**Background**

Petitioner was charged with murder in Franklin County, Pennsylvania on February 26, 1975 but was found incompetent to stand trial and committed to a state hospital on March 7, 1975. Hull v. Kyler, 190 F.3d 88, 92 (3d Cir. 1999).[1] After a second competency hearing on July 31, 1979, Petitioner was found competent to stand trial, and subsequently entered a general guilty plea to murder. Id. at 93. Following a degree-of-guilt hearing, the trial court found Petitioner guilty of first-degree murder and imposed a life sentence, which Petitioner unsuccessfully appealed through the Pennsylvania state appellate courts. Id. at 93-94.

On May 8, 1989, Petitioner filed his first petition for writ of habeas corpus

---

[1]This August 23, 1999 opinion contains a detailed, "long and convoluted" history of this matter.

in this Court which, after two appeals to and remands from the United States Third Circuit Court of Appeals and two days of hearings, dismissed the habeas petition without prejudice. Id. at 94-95.  Following a petition for allowance of appeal, suggested by the Third Circuit Court of Appeals, being denied by the Pennsylvania Supreme Court, Petitioner filed a second petition for writ of habeas corpus. Id. at 96-97.  On August 23, 1999, the United States Third Circuit Court of Appeals remanded the matter directing this Court to grant Petitioner's writ of habeas corpus conditioned on Petitioner being tried within 120 days if he is competent to stand trial. Id. at 113.  In remanding, the Court noted that there is a reasonable probability that but for Petitioner's counsel's inadequate performance in failing to present contradictory evidence and failing to cross-examine Dr. Stamey, the trial court would have determined that Petitioner had not regained his competence to stand trial. Id. at 112.  On September 21, 1999, this Court, in compliance with the remand order, granted the petition for habeas corpus. Hull v. Kyler, No. 4:97 -CV- 353 (M.D. Pa. September 21, 1999) at (Doc. 32).

On December 17, 2001, the Court of Common Pleas for Franklin County conducted a second degree of guilt hearing; on September 16, 2002, it was determined that Petitioner was presently competent to stand trial and was guilty of murder of the first degree in the death of Lloyd William Shatzer. (Docs. 13-1 and

13-2). On November 21, 2002, Petitioner filed an appeal to the Superior Court of Pennsylvania raising, inter alia, that he presented sufficient evidence to establish a diminished capacity defense and defense of legal insanity. (Doc. 13-3, pp. 5-6). On November 10, 2003, the Pennsylvania Superior Court affirmed the trial courts's rulings and the Pennsylvania Supreme Court denied review. (Doc. 13-6); see also Commonwealth v. Hull, 841 A.2d 574 (Pa. Super. 2003), appeal denied 920 A.2d 831 (Pa. 2007).

On June 21, 2004, Petitioner, pro se, filed a petition under the Post Conviction Relief Act ("PCRA"). See (Doc. 13-9, ¶ 6). Having been appointed counsel, Petitioner filed an amended PCRA petition on September 7, 2004 and a second amended PCRA petition on November 9, 2004. (Docs. 13-7, 13-8, & 13-9). Following some service of process issues, the trial court granted a motion to reinstate allocatur rights nunc pro tunc on October 23, 2006. (Doc. 13-10).

On February 19, 2008, Petitioner filed another PCRA petition with the Court of Common Pleas of Franklin County and a hearing was held on April 25, 2008. (Docs. 13-11 & 13-12). The PCRA petition was denied on September 10, 2008. (Doc. 13-16). Petitioner appealed the dismissal of his PCRA petition to the Pennsylvania Superior Court which, on August 13, 2009, affirmed the trial court's decision. (Docs. 13-18 & 13-21).

The instant petition for writ of habeas corpus was filed on July 28, 2010.[2]

**Discussion**

The standard of review for a petition for writ of habeas corpus on behalf of a person in state custody provides as follows:

> [habeas relief] shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law... ; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts...

28 U.S.C. § 2254(d). Clearly established federal law is defined as "the holdings, as opposed to the dicta, of this Court's decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529, U.S. 362, 412 (2000). "A state-court decision is 'contrary' to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result." Brown v. Peyton, 544 U.S. 133, 141 (2005). "A state-court decision involves an 'unreasonable application' of this Court's

---

[2]Petitioner has subsequent state court filings which need not be considered for this motion. See (Docs. 14-15).

5

clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner." Id. "The range of reasonable judgment can depend in part on the nature of the relevant rule." Yarborough v. Alvarado, 541 U.S. 652, 664 (2004). "The federal habeas court should not grant the petition unless the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." Matteo v. Superintendent, SCI Albion, 171 F.3d 877, 890 (3d Cir. 1999) (defining the terms "contrary to" and "unreasonable application of"). Further, "a determination of a factual issue made by a State court shall be presumed to be correct [and the] applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). "The question . . . is not whether a federal court believes the state court's determination was incorrect, but whether that determination was unreasonable – a substantially higher threshold." Schriro v. Landrigan, 127 S.Ct. 1933, 1939-40 (2007).

A review of the record in this matter reveals that the arguments contained in the petition have been made to the Pennsylvania Superior Court and addressed on the merits and that no determination was unreasonable. On direct appeal to the Superior Court of Pennsylvania on November 21, 2002, Petitioner argued, inter

alia, that he presented sufficient evidence to establish a diminished capacity defense and defense of legal insanity. (Doc. 13-3, pp. 5-6). On November 10, 2003, the Pennsylvania Superior Court affirmed the trial courts's rulings holding that "the record supports the trial court's determination that Hull was not legally insane, and not suffering from diminished capacity at the time of the murder." (Doc. 13-6, p. 3); see also Commonwealth v. Hull, 841 A.2d 574 (Pa. Super. 2003), appeal denied 920 A.2d 831 (Pa. 2007).

In appealing the dismissal of his PCRA petition to the Pennsylvania Superior Court, Petitioner raised the following arguments: (1) trial counsel erred by agreeing to permit the Commonwealth to present its case through recordings of testimony from the proceedings in 1975 and 1979 denying Petitioner the right to confront his accusers and failing to object to the lack of colloquy on the record; (2) trial counsel rendered ineffective assistance by failing to present an adequate diminished capacity defense; (3) trial counsel was ineffective for failing to call witnesses in support of the diminished capacity defense. (Doc. 13-18, pp. 15-33). The Superior Court affirmed the trial court's decision, holding that the PCRA court's findings are supported by the record and clear from error. (Doc. 13-21). The Superior Court determined that trial counsel did not err in making a bargained for stipulation regarding the transcripts from the 1975 and 1979 hearing and there

is no evidence that trial counsel did not have a reasonable basis for the stipulation or that Petitioner was prejudiced by their admission. (Doc. 13-21, pp. 6-7). The Court determined that an on-the-record colloquy was not required as the stipulations did not amount to an admission of guilt. (Doc. 13-21, p. 9), citing Commonwealth v. Davis, 457 Pa. 194, 322 A.2d 103 (1974). Further, the Court concluded that trial counsel did present a diminished capacity defense through Dr. Petkash, and was not ineffective in this regard despite the testimony of Dr. Kruszewski, the PCRA witness, being "more precise and polished." (Doc. 13-21, pp. 11-12). With regard to Petitioner's argument that trial counsel failed to call two specific witnesses, the Superior Court determined he had failed to file an affidavit setting forth their availability and willingness to testify and failed to establish that trial counsel did not have a reasonable basis for not calling them. (Doc. 13-21, p. 14).

A thorough, independent review of the records in this matter was undertaken. The review revealed that the issues sub judice were raised by Petitioner and adequately addressed by the Pennsylvania Superior Court. See (Docs. 13-6 & 13-21). It cannot be said that the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or

8

"resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); see also Rico v. Leftridge-Byrd, 340 F.3d 178, 181 (3d Cir. 2003). Further, Petitioner has set forth no case law or specific argument to support his conclusory statements and, therefore, has failed to meet his burden. See (Doc. 1). Accordingly, the petition will be denied.

Petitioner, in the alternative to issuance of a writ of habeas corpus, requests a certificate of appealability due to his establishment of the denial of a constitutional right based on the entire state court record. (Doc. 1, ¶ 37). A review of the entire record does not reveal, nor has Petitioner set forth a denial of a constitutional right and, accordingly, a certificate of appealability will not be issued.

## Conclusion

The issues in the petition for writ of habeas corpus were adequately addressed by the Pennsylvania Superior Court and that court's determinations were not unreasonable or contrary to Federal law. Accordingly, pursuant to 28 U.S.C. § 2254(d) the petition will be denied. The request for a certificate of appealability will also be denied as Petitioner has not "made a substantial showing

of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

A separate Order will be issued.

Date: May 29, 2014

United States District Judge